**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**YVONNE WILLIAMS, INDIVIDUALLY**                                          **PLAINTIFFS**
**AND FOR AND ON BEHALF OF THE**
**WRONGFUL DEATH BENEFICIARIES**
**OF MAE BELL LUELLEN, DECEASED**

**VS.**                                                    **CAUSE NO. 3:02 CV 129 - S - A**

**NATIONAL HERITAGE REALTY INC.**
**d/b/a HOLLY SPRINGS HEALTH AND**
**REHABILITATION CENTER,**
**DONNIE THOMAS, Individually, JACKIE MORMAN,**
**Individually AND SCOTT YOUNG, Individually**                     **DEFENDANTS**


## ORDER

This cause comes before the court on the motion of plaintiff Yvonne Williams, in her capacity as representative of the wrongful death beneficiaries of Mae Bell Luellen, pursuant to 28 U.S.C. § 1447, to remand **[5-1]** this case to the Circuit Court of Marshall County. Defendant National Heritage Realty has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

On June 13, 2002, plaintiff filed suit in the Circuit Court of Marshall County, seeking recovery for injuries which decedent Mae Bell Luellen allegedly sustained during her stay at the Holly Springs Health and Rehabilitation Center. The case was subsequently removed to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff has moved to remand, contending that complete diversity of citizenship is not present in the instant case, inasmuch as

1

defendant Scott Young is, like plaintiff, a Mississippi resident. Defendants counter that Young was fraudulently joined for the purpose of defeating removal jurisdiction and that remand would therefore be inappropriate.

The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In evaluating a motion to remand, the court considers summary judgment-type evidence to pierce the pleadings. This evidence may include the pleadings, affidavits and deposition transcripts. *Id.* The Fifth Circuit has reaffirmed that it "is insufficient that there be a mere theoretical possibility of recovery," to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 .3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

In alleging that Young was fraudulently joined, defendants argue that, based upon the allegations of plaintiff's complaint, there exists no reasonable possibility that plaintiff could recover against this defendant under Mississippi law. The briefing in this case is lacking in detail with regard to the specific facts concerning Mr. Young's employment at the nursing home in question. It is clear, however, that defendant specifically relies upon decisions rendered by Judge Barbour in

the nursing home context which have since been overruled by the Fifth Circuit's decision in *Letha M. Gray v. Beverly Enterprises-Mississippi, Inc. et al*, 390 F.3d 400 (5th Cir. 2004). The pendency of the appeal in *Gray* led this court to enter a stay in this and other similar removals which, like *Gray*, involved allegations of fraudulent joinder of nursing home employees.

In *Gray*, Judge Barbour denied remand on the basis of the fraudulent joinder of a nursing home administrator, based upon his conclusion that, under Mississippi law, such administrators owed a duty of care to the facility, rather than to patients. The Fifth Circuit rejected this argument, writing as follows:

> On balance, plaintiffs have the better of the argument--at least strong enough to demonstrate a reasonable possibility of recovery under Mississippi law. Plaintiffs cannot demonstrate hands-on contact by the [nursing home administrator] defendants, but such activity does not seem required to impose personal liability under Mississippi law. One may easily be a direct participant in tortious conduct by merely authorizing or negligently failing to remedy misconduct by one's subordinates. It is uncertain, at this stage of the litigation, whether plaintiffs will be able to prove their allegations of direct participation to the satisfaction of the trier of fact. Nevertheless, it is at least reasonable to expect that a Mississippi court might find that the allegations of the in-state defendants' misfeasance and nonfeasance are sufficient to state a claim under state law. The district court therefore erred in not recognizing the reasonable possibility of plaintiffs' recovery against the in-state defendants under Mississippi law--especially in light of the recognized ambiguity in the caselaw that must be resolved in favor of remand.

*Gray*, 390 F.3d at 410.

Defendants argue that the allegations of the complaint are lacking in specificity as they relate to Young. However, Miss. R. Civ. P. 8 requires only a "short and plain statement ... showing that the pleader is entitled to relief." Moreover, the Fifth Circuit has rejected the argument that dismissal with prejudice upon a finding of fraudulent joinder is an appropriate remedy for pleading defects. In *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000), the Fifth Circuit considered arguments

that a claim against a resident defendant was "deficient because plaintiffs have failed to plead it with sufficient particularity in accordance with Fed. R. Civ. P. 9(b)." The Fifth Circuit in *Hart* agreed that plaintiffs' allegations of "deceitful or deceptive behavior" against the resident defendant were "somewhat conclusory." Nevertheless, the court emphasized that the penalty for any defective pleadings should not ordinarily be "dismissal with prejudice to refiling unless the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*

There are no circumstances in this case which would dictate a dismissal with prejudice of plaintiff's claims on the basis of any alleged pleading defects. Accordingly, the court concludes that, particularly in light of *Gray*, defendant has failed to meet its burden of proving fraudulent joinder in this case. Following the Fifth Circuit's decision in *Gray*, defendant did file a brief and rather vague supplemental brief arguing that this case is distinguishable from *Gray*, but it failed to support this assertion with specific arguments and facts relating to this case. While plaintiff's remand briefs are also lacking in specificity, this court must emphasize that defendant has the burden of proving fraudulent joinder, and it has failed to do so. Plaintiff's motion to remand is therefore due to be granted.

It is therefore ordered that plaintiff's motion to remand [5-1] is granted, and this case is hereby remanded to the Circuit Court of Marshall County.

SO ORDERED this the 14th day of June, 2006.

    **/s/ Michael P. Mills**
    **UNITED STATES DISTRICT JUDGE**